# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 98-1831

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the |
| William Andrew Clark, | * | District of Minnesota. |
| | * | |
| Appellant. | * | **[UNPUBLISHED]** |

_____

Submitted: September 8, 1998
Filed: September 11, 1998

_____

Before FAGG, BEAM, and LOKEN, Circuit Judges.

_____

PER CURIAM.

In this direct criminal appeal, William Andrew Clark challenges federal jurisdiction over the offense to which he pleaded guilty. Clark, an Indian, pleading guilty to one count of aggravated sexual abuse by force or threat in violation of 18 U.S.C. § 2241(a)(1), admitted using force to engage in sexual intercourse with another Indian at his home on the Red Lake Reservation in Minnesota. The district court[1] sentenced him to 109 months imprisonment and five years supervised release.

_____

[1]The HONORABLE DAVID S. DOTY, United States District Judge for the District of Minnesota.

Jurisdiction was premised on 18 U.S.C. § 1153(a), which provides that "[a]ny Indian who commits against the person or property of another Indian or other person" certain offenses--including aggravated sexual abuse--"within the Indian country, shall be subject to the same law and penalties as all other persons committing any of the above offenses, within the exclusive jurisdiction of the United States."

On appeal Clark argues only that the district court lacked jurisdiction because the site of the offense is not a "reservation" and, therefore, is not "Indian country" within the meaning of 18 U.S.C. § 1151 (defining Indian country with reference to Indian reservations, dependent Indian communities, and Indian allotments). He argues that the United States never obtained jurisdiction over this land, because the Indians "have always been recognized and regarded as the sole owners by right of original Indian occupancy, the lands having never been ceded to the United States." Chippewa Indians of Minnesota v. United States, 301 U.S. 358, 366 (1937).

After de novo review of the record and the parties' briefs, we conclude Clark committed the offense in Indian country. See United States v. Thunder Hawk, 127 F.3d 705, 706 (8th Cir. 1997) (standard of review). Although the Red Lake Reservation, as it exists today, has never been ceded to the United States and is the remainder of the aboriginal territory of the Red Lake Band of Chippewa Indians, it is Indian country. See United States v. White, 508 F.2d 453, 456-59 & nn.3-5 (8th Cir. 1974) (even without formal act or cession, effect of "reserved" land was creation of Red Lake Reservation); cf. Minnesota v. Hitchcock, 185 U.S. 373, 388-90 (1902) (advising that, if it were necessary to decide, Red Lake would be reservation; United States held fee of Red Lake land subject only to Indian-held right of occupancy); United States v. Azure, 801 F.2d 336, 338-39 (8th Cir. 1986) (finding other land held by United States in trust for Indians was Indian country for purposes of § 1151; actions of federal government in its treatment of Indian land can create de facto reservation even where reservation was not created by specific treaty, statute, or executive order).

Therefore, the district court had jurisdiction to convict and sentence Clark for this offense committed "within the Indian country."

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.